Case 3:26-cv-02326-WWB-PDB Document 1-3 Filed 09/04/26 Page 1 of 7 PageID 29

IN THE CIRUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY, STATE OF FLORIDA
CIVIL DIVISION

GAGE BROUSSARD,

Plaintiff,

Case No.:______________
Division: ______________

vs.

MORBO MARINE, INC.; and MEEVER U.S.A., INC.,

Defendants.
________________________________________/

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Gage Broussard, by and through his undersigned counsel, sues the Defendants MOBRO Marine, Inc. and Meever U.S.A., Inc. (collectively "Defendants"), and alleges the following:

**I.**

**JURISDICTION & VENUE**

1. This is a personal injury action arising under state common law for damages that well exceed $50,000. This Court has jurisdiction over Defendants because Defendants committed certain acts and/or omissions giving rise to this lawsuit in Florida, reside in Florida, and/or conduct a substantial amount of business in Florida.

2. Venue is proper in Duval County, Florida because this cause of action accrued in Duval County, Florida. *See* Fla. Stat. § 47.011.



ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 05/06/2026 10:39:36 AM

## II.

## PARTIES

3. Plaintiff Gage Broussard was working in Florida at the time of the Incident.

4. Defendant MOBRO Marine, Inc. is a for-profit corporation headquartered in Florida. Defendant MOBRO Marine, Inc. may be served through its registered agent, Stephen T. Cumella, located at 606 Leonard C. Taylor Parkway, Green Cove Springs, Florida 32043.

5. Defendant Meever U.S.A., Inc. is a foreign corporation that conducts a substantial amount of business in Florida. This defendant may be served with process through its registered agent, Northwest Registered Agent LLC located at 7901 4th Street North, Suite 300, St. Petersburg, Florida 33702.

## III.

## GENERAL FACTUAL ALLEGATIONS

6. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about March 7, 2026. At the time of the incident, Plaintiff was employed by non-party Shoreline Foundations, Inc. and was working aboard a barge owned and operated by Defendant MOBRO Marine, Inc.

7. At the time of the incident, Plaintiff was instructed to lay a hammer and hydraulic unit onto the barge. Upon information and belief, the hammer and hydraulic unit were owned by Defendant Meever U.S.A. Defendant Meever U.S.A. rented the equipment to Shoreline Foundations and/or MOBRO Marine.

8. Plaintiff stepped out of the crane to ensure that the hammer and hydraulic unit were properly placed onto the barge. As Plaintiff was coming back to the crane to finish the

job, Plaintiff slipped and fell and was rendered unconscious. Plaintiff sustained severe damages, including horrible injuries to his back and other parts of his body.

9. Upon information and belief, the MOBRO crane was leaking fluid, specifically motor and gearbox fluid. The Meever U.S.A. hammer and hydraulic unit were also leaking fluid all over the deck of the barge. Plaintiff slipped on the hydraulic fluid that was leaking from both the crane and the hammer and hydraulic unit.

10. Defendant MOBRO Marine owed a duty to Plaintiff to ensure that the deck of the barge did not pose any hazardous slipping risk to Plaintiff as he was performing his work that day. Defendant MOBRO owed a duty to Plaintiff to ensure that the deck was safe for performing work that day.

11. Defendant Meever U.S.A. owed a duty to Plaintiff to ensure that their equipment was safe for operation, which includes ensuring that it is not leaking excessive amounts of fluid such that Plaintiff would slip on the fluid.

12. As a result of Defendants' negligence, Plaintiff sustained severe injuries to his back and other parts of his body.

## IV.

## CAUSES OF ACTION

### COUNT I — NEGLIGENCE AGAINST MOBRO MARINE, INC.

13. Plaintiff repeats and realleges each allegation contained above as if fully set forth herein.

14. MOBRO owed Plaintiff a duty to exercise reasonable care under the circumstances, including a duty to maintain the Crane and the Barge in a reasonably safe condition for persons such as Plaintiff who were lawfully working aboard the Barge.

15. MOBRO breached its duty of reasonable care by, among other acts and omissions:

(a) Operating the Crane in a condition that allowed motor fluid and/or gearbox fluid to leak from the Crane onto the deck of the Barge;

(b) Failing to reasonably inspect the Crane to detect the leaking condition before placing it in service on the date of the incident;

(c) Failing to reasonably maintain and repair the Crane so as to prevent the leaking condition;

(d) Failing to reasonably inspect the deck of the Barge for accumulated fluid before and during the work being performed on the date of the incident;

(e) Failing to remove or remediate the accumulated fluid on the deck of the Barge after it had accumulated; and

(f) Failing to warn Plaintiff of the accumulated fluid on the deck of the Barge, the existence of which was known or, in the exercise of reasonable care, should have been known to MOBRO.

16. Each of the foregoing breaches, individually and collectively, was a direct and proximate cause of Plaintiff's slip, fall, and resulting injuries.

17. As a direct and proximate result of MOBRO's negligence, Plaintiff has sustained the damages described in Section IV below.

**WHEREFORE**, Plaintiff Gage Broussard demands judgment against Defendant MOBRO Marine, Inc. for compensatory damages, costs of court, pre-judgment and post-judgment interest, and such other and further relief as this Court deems just and proper.

**COUNT II — NEGLIGENCE AGAINST MEEVER U.S.A., INC.**

18. Plaintiff incorporates by reference paragraphs 1 through 14 above as though fully set forth herein.

19. At all times material hereto, Meever owned the Hammer Unit and supplied it, by rental or otherwise, for use at the Florida worksite where Plaintiff was working.

20. Meever owed Plaintiff a duty to exercise reasonable care in supplying the Hammer Unit, including a duty to provide a Hammer Unit that was in reasonably safe operating condition and that would not leak hydraulic fluid onto the surfaces where workers such as Plaintiff were required to walk.

21. Meever breached its duty of reasonable care by, among other acts and omissions:

(a) Supplying a Hammer Unit that leaked hydraulic fluid in the course of normal use;

(b) Failing to reasonably inspect the Hammer Unit before supplying it for use at the worksite;

(c) Failing to reasonably maintain and repair the Hammer Unit so as to prevent the leaking condition;

(d) Failing to warn Plaintiff, Plaintiff's employer, or MOBRO of the propensity of the Hammer Unit to leak hydraulic fluid; and

(e) Supplying the Hammer Unit in a condition that Meever knew, or in the exercise of reasonable care should have known, posed an unreasonable risk of slip-and-fall injuries to workers in the vicinity of the unit.

22. Each of the foregoing breaches, individually and collectively, was a direct and proximate cause of Plaintiff's slip, fall, and resulting injuries.

23. As a direct and proximate result of Meever's negligence, Plaintiff has sustained the damages described in Section IV below.

**WHEREFORE**, Plaintiff Gage Broussard demands judgment against Defendant Meever U.S.A., Inc. for compensatory damages, costs of court, pre-judgment and post-judgment interest, and such other and further relief as this Court deems just and proper.

**V.**

**DAMAGES**

24. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

WHEREFORE, Plaintiff prays Defendants be cited to appear and answer this complaint and that after due proceedings be had, that there be judgment entered herein as follows for all damages available under the law, including, but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Costs of Court; and
- Pre- and Post-Judgment interest.

**VI.**

**JURY TRIAL DEMANDED**

25. Plaintiff hereby demands a trial by jury on all issues.

May 1, 2026

Respectfully submitted,

**Thomas Graham, Esq.**
*Counsel for Plaintiffs*
**GRAHAM TRIAL LAWYERS PLLC**
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
P: (305) 928-1679
F: (305) 440-0369
E: tom@grahamtriallawyers.com
E: litigationparalegal@grahamtriallawyers.com

By: ***/s/ Thomas Graham***
**Thomas Graham, Esq.**
**FBN: 89043**